UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RICHARD RAY,<br><br>       *Plaintiff*,<br><br>   v.<br><br>DAWN US HOLDINGS LLC d/b/a<br>CENTERSQUARE and SPENCER MULLEE,<br><br>       *Defendants*. | No. 26-cv-05160 (MEF)(SDA)<br><br><br>**OPINION and ORDER** |

\*   \*   \*

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the facts of this case.

\*   \*   \*

The Defendants[1] removed this case from New Jersey state court, invoking the Court's original jurisdiction under the diversity statute, 28 U.S.C. § 1332.  See Notice of Removal (ECF 1) ¶ 6.

But a federal court has an independent obligation to assure itself of its own jurisdiction.  See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); see also Capron v. Van Noorden, 6 U.S. (2 Cranch) 126, 127 (1804).

And here, the Court is not yet assured.

\*   \*   \*

Under the diversity statute, jurisdiction lies when, among other things, the "civil action[] . . . is between[] . . . citizens of different states."  28 U.S.C. § 1332(a)(1).

The Plaintiff[2] is a citizen of New Jersey.  See Notice of Removal ¶ 8; Notice of Removal, Exhibit A (ECF 1-1) at 1.

---

[1]  Dawn US Holdings LLC d/b/a Centersquare and Spencer Mullee.

[2]  Richard Ray.

One of the Defendants,[3] a natural person, is a citizen of Florida.  See Notice of Removal ¶ 9; Declaration of Spencer Mullee in Support of Notice of Removal (ECF 1-3) ¶¶ 7-8, 10.

The other Defendant is an LLC.[4]  The Defendants initially represented that the Defendant-LLC was a citizen of Delaware (where it is incorporated) and Texas (where it has its principal place of business).  See Notice of Removal ¶ 11.

With no overlap between the citizenship of the Plaintiff and the citizenships of the Defendants, the Defendants therefore concluded that there was "complete diversity of citizenship between the parties."  See id. ¶¶ 12-13.

*    *    *

The problem with all of this: "a limited liability company is a citizen of all the states of its members."  GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018).[5]

At the Court's instruction, see May 11, 2026 Text Order (ECF 4), the Defendants therefore filed a letter explaining that another LLC, also incorporated in Delaware and principally operating out of Texas, was "the sole and managing member" of the Defendant-LLC.  See May 15, 2026 Letter (ECF 5).

But this did not solve the problem identified immediately above.

"[A] party seeking to establish diversity jurisdiction over a case in which a limited liability company is a party must list the citizenships of all members of the company, and if any of those members have members, their citizenships must be listed as well."  15A Moore's Federal Practice § 102.57[8]; see also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010) ("where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC") (cleaned up).

---

[3]  Spencer Mullee.

[4]  Dawn US Holdings LLC d/b/a Centersquare.

[5]  Indeed, "[t]he principal place of business . . . of a limited liability company is irrelevant to its citizenship."  15A Moore's Federal Practice § 102.57[8] (citing Johnson v. Smithkline Beecham Corp., 724 F.3d 337, 352 (3d Cir. 2013)).

2

Accordingly, at the Court's instruction, see May 18, 2026 Text Order (ECF 6), the Defendants have now filed a letter tracing the citizenship of the Defendant-LLC through nearly a dozen layers of entities.  See May 21, 2026 Letter (ECF 7).

But this too does not fully assure the Court of its jurisdiction.

Some of the listed entities appear to be limited partnerships. See id. at 2 (indicating that the chain of entities includes "LPs").  The citizenship of a limited partnership is assessed by "look[ing] to the citizenship of all the partners."  Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008).  Yet the Defendants do not appear to have disclosed "the citizenship of all the partners" of these entities.  See id. (emphasis added).

For example, one entity in the chain --- "Dawn Topco L.P." --- is listed as having a single "managing member."  See May 21, 2026 Letter at 1.  But under Delaware law,[6] a limited partnership (an "L.P.") must include at least two partners.  See Del. Code Ann. tit. 6, § 17-101(11) (defining a limited partnership as "a partnership formed under the laws of the State of Delaware consisting of 2 or more persons").

Without disclosing "the citizenship of all the partners," Swiger, 540 F.3d at 182 (emphasis added), the Defendants have not fully traced the citizenship of the Defendant-LLC.

                        *     *     *

The Defendants shall file a short letter on or before June 1 that addresses the citizenship of every partner and member associated with the entities listed in the Defendants' May 21, 2026 letter.

IT IS on this 26th day of May, 2026, **SO ORDERED**.

                                    _____
                                    Michael E. Farbiarz, U.S.D.J.

_____

[6]  Dawn Topco L.P. is said to be "incorporated in Delaware."  See May 21, 2026 Letter at 1.  (Of course, a Delaware limited partnership is an "unincorporated" entity.  See Cole v. Kershaw, 2000 WL 1206672, at *6 (Del. Ch. Aug. 15, 2000) (cleaned up); see generally E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 937 (2d Cir. 1998).)

3